IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | Criminal No. 6:24-cr-297 |
| | | |
| vs. | | 18 U.S.C. § 2 |
| | | 18 U.S.C. § 922(g)(1) |
| | | 18 U.S.C. § 924(a)(2) |
| DEXTER WARDELL LOVETT JR., | | 18 U.S.C. § 924(a)(8) |
| a/k/a "Guap" | | 18 U.S.C. § 924(c)(1)(A)(i) |
| LARRY DARNELL LANE JR. | | 18 U.S.C. § 924(d)(1) |
| LADARIUS DURWAND FRANKS, | | 18 U.S.C. § 924(e) |
| a/k/a "Red" | | 18 U.S.C. § 982(a)(1) |
| ANGIE THACH | | 18 U.S.C. § 1028A(a)(1) |
| SONYA LATRICE LOVETT | | 18 U.S.C. § 1343 |
| DOUGLAS BASHONE MOORE JR. | | 18 U.S.C. § 1349 |
| JOSHUA SHAMAR JETER | | 18 U.S.C. § 981(a)(1)(C) |
| LUKE PBAUL VILAIVANH | | 18 U.S.C. § 982(a)(2)(A) |
| SHAUNTE MAURICE LANE | | 18 U.S.C. § 1956(a)(1)(B)(i) |
| BONITA LASHUNA BRUCE | | 18 U.S.C. § 1956(b) |
| MICHAEL DEVON SMALLS | | 18 U.S.C. § 1956(h) |
| DEXTER WARDELL LOVETT SR. | | 18 U.S.C. § 1957(a) |
| | | 18 U.S.C. § 1957(b) |
| | | 21 U.S.C. § 841(a)(1) |
| | | 21 U.S.C. § 841(b)(1)(A) |
| | | 21 U.S.C. § 841(b)(1)(C) |
| | | 21 U.S.C. § 841(b)(1)(D) |
| | | 21 U.S.C. § 846 |
| | | 21 U.S.C. § 853 |
| | | 21 U.S.C. § 881 |
| | | 28 U.S.C. § 2461(c) |

**SUPERSEDING INDICTMENT**
**(SEALED)**

RECEIVED
USDC. CLERK GREENVILLE, SC
2024 JUL -9 PM 4:25

**<u>Drug and Firearm Counts</u>**

<u>Count 1</u>
*(Drug Distribution Conspiracy)*

THE GRAND JURY CHARGES:

1.    That beginning at a time unknown to the grand jury, but beginning at least in or around March 2018, and continuing thereafter, up to and including the date of this Superseding Indictment, in the District of South Carolina and elsewhere, the Defendants, **DEXTER WARDELL LOVETT JR., a/k/a "Guap," LARRY DARNELL LANE JR., LADARIUS DURWAND FRANKS, a/k/a "Red," ANGIE THACH, SONYA LATRICE LOVETT, DOUGLAS BASHONE MOORE JR., JOSHUA SHAMAR JETER, LUKE PBAUL VILAIVANH, SHAUNTE MAURICE LANE,** and **BONITA LASHUNA BRUCE,** knowingly and intentionally did combine, conspire, agree and have tacit understanding with each other and with others, both known and unknown to the grand jury, to knowingly, intentionally, and unlawfully possess with intent to distribute and distribute cocaine, cocaine base (commonly referred to as "crack cocaine"), methamphetamine, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl"), all Schedule II controlled substances, and marijuana, a Schedule I controlled substance.

    a.  With respect to **DEXTER WARDELL LOVETT JR., a/k/a "Guap,"** the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 1,000 kilograms or more of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

2

b. With respect to **LARRY DARNELL LANE JR.,** the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a quantity of a mixture or substance containing a detectable amount of cocaine base (commonly referred to as "crack cocaine"), a quantity of cocaine, and 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl"), all Schedule II controlled substances, and a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 841(b)(1)(D);

c. With respect to **LADARIUS DURWAND FRANKS, a/k/a "Red,"** the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is 50 grams or more of actual methamphetamine, a quantity of a mixture or substance containing a detectable amount of cocaine base (commonly referred to as "crack cocaine"), a quantity of cocaine, and 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl"), all Schedule II controlled substances, and a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 841(b)(1)(D);

d. With respect to **ANGIE THACH**, the amount involved in the conspiracy attributable to her as a result of her own conduct and the conduct of other conspirators reasonably foreseeable to her is a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D);

e. With respect to **SONYA LATRICE LOVETT**, the amount involved in the conspiracy attributable to her as a result of her own conduct and the conduct of other conspirators reasonably foreseeable to her is a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D);

f. With respect to **DOUGLAS BASHONE MOORE JR.**, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D);

g. With respect to **JOSHUA SHAMAR JETER**, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D);

h. With respect to **LUKE PBAUL VILAIVANH**, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is a quantity of marijuana, a Schedule I controlled

4

substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D);

i. With respect to **SHAUNTE MAURICE LANE**, the amount involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is a quantity of a mixture or substance containing a detectable amount of methamphetamine and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl"), both Schedule II controlled substances, and a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D); and

j. With respect to **BONITA LASHUNA BRUCE**, the amount involved in the conspiracy attributable to her as a result of her own conduct and the conduct of other conspirators reasonably foreseeable to her is a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D);

All in violation of Title 21, United States Code, Section 846.

Count 2

*(Possession with Intent to Distribute Marijuana)*

THE GRAND JURY FURTHER CHARGES:

2.      That on or about November 5, 2020, in the District of South Carolina, the Defendant, **LARRY DARNELL LANE JR.**, knowingly, intentionally, and unlawfully did possess with intent to distribute a quantity of marijuana, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

Count 3

*(Felon in Possession of Firearms and Ammunition)*

THE GRAND JURY FURTHER CHARGES:

3.      That on or about November 5, 2020, in the District of South Carolina, the Defendant, **LARRY DARNELL LANE JR.**, knowingly possessed firearms and ammunition in and affecting interstate commerce, to wit, a Taurus .357 caliber revolver, an American Derringer Corporation .357 caliber pistol, an American Tactical Import 5.56mm AR-style pistol, .357 caliber ammunition, and 5.56mm ammunition, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

Count 4

*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

THE GRAND JURY FURTHER CHARGES:

4.      That on or about November 5, 2020, in the District of South Carolina, the Defendant, **LARRY DARNELL LANE JR.**, knowingly possessed a firearm in furtherance of a drug trafficking crime, as alleged in Count 2, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

6

### Count 5
*(Felon in Possession of a Firearm)*

THE GRAND JURY FURTHER CHARGES:

5.      That on or about December 2, 2021, in the District of South Carolina, the Defendant, **DEXTER WARDELL LOVETT JR., a/k/a "Guap,"** knowingly possessed a firearm in and affecting interstate commerce, to wit, a Glock 23 Gen 5 .40 caliber pistol, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

### Count 6
*(Possession with Intent to Distribute Marijuana)*

THE GRAND JURY FURTHER CHARGES:

6.      That on or about January 19, 2022, in the District of South Carolina, the Defendants, **DEXTER WARDELL LOVETT JR., a/k/a "Guap,"** and **ANGIE THACH,** knowingly, intentionally, and unlawfully did possess with intent to distribute a quantity of marijuana, a Schedule I controlled substance, and did aid and abet each other in the aforesaid offense;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

7

## Count 7
### (Felon in Possession of Ammunition)

THE GRAND JURY FURTHER CHARGES:

7       That on or about January 19, 2022, in the District of South Carolina, the Defendant, **DEXTER WARDELL LOVETT JR., a/k/a "Guap,"** knowingly possessed ammunition in and affecting interstate commerce, to wit, 9mm ammunition, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

## Count 8
### (Distribution of a Quantity of Marijuana)

THE GRAND JURY FURTHER CHARGES:

8.       That on or about July 8, 2022, in the District of South Carolina, the Defendants, **DEXTER WARDELL LOVETT JR., a/k/a "Guap,"** and **JOSHUA SHAMAR JETER,** knowingly, intentionally, and unlawfully did possess with intent to distribute and distribute a quantity of marijuana, a Schedule I controlled substance, and did aid and abet each other in the aforesaid offense;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

8

## Count 9
### *(Possession with Intent to Distribute Multiple Controlled Substances)*

THE GRAND JURY FURTHER CHARGES:

9.    That on or about February 9, 2023, in the District of South Carolina, the Defendant, **LADARIUS DURWAND FRANKS, a/k/a "Red,"** knowingly, intentionally, and unlawfully did possess with intent to distribute 50 grams or more of actual methamphetamine, a quantity of a mixture or substance containing a detectable amount of cocaine base (commonly referred to as "crack cocaine"), a quantity of cocaine, and 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl"), all Schedule II controlled substances, and a quantity of marijuana, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 841(b)(1)(D).

## Count 10
### *(Felon in Possession of a Firearm and Ammunition)*

THE GRAND JURY FURTHER CHARGES:

10.    That on or about February 9, 2023, in the District of South Carolina, the Defendant, **LADARIUS DURWAND FRANKS, a/k/a "Red,"** knowingly possessed a firearm and ammunition in and affecting interstate commerce, to wit, a Glock 43 9mm pistol and 9mm ammunition, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8), and 924(e).

## Count 11
### *(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

THE GRAND JURY FURTHER CHARGES:

11.     That on or about February 9, 2023, in the District of South Carolina, the Defendant, **LADARIUS DURWAND FRANKS, a/k/a "Red,"** knowingly possessed a firearm in furtherance of a drug trafficking crime, as alleged in Count 9, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## Count 12
### *(Possession with Intent to Distribute Multiple Controlled Substances)*

THE GRAND JURY FURTHER CHARGES:

12.     That on or about February 9, 2023, in the District of South Carolina, the Defendant, **LARRY DARNELL LANE JR.,** knowingly, intentionally, and unlawfully did possess with intent to distribute 50 grams or more of actual methamphetamine, a quantity of a mixture or substance containing a detectable amount of cocaine base (commonly referred to as "crack cocaine"), a quantity of cocaine, and 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl"), all Schedule II controlled substances, and a quantity of marijuana, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 841(b)(1)(D).

10

## Count 13
*(Felon in Possession of Firearms and Ammunition)*

THE GRAND JURY FURTHER CHARGES:

13.     That on or about February 9, 2023, in the District of South Carolina, the Defendant, **LARRY DARNELL LANE JR.**, knowingly possessed firearms and ammunition in and affecting interstate commerce, to wit, a Ruger, model 57, 5.7x28mm pistol, a Springfield, model XD, .45 caliber pistol, 5.7x28mm ammunition, and .45 caliber ammunition, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8), and 924(e).

## Count 14
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

THE GRAND JURY FURTHER CHARGES:

14.     That on or about February 9, 2023, in the District of South Carolina, the Defendant, **LARRY DARNELL LANE JR.**, knowingly possessed a firearm in furtherance of a drug trafficking crime, as alleged in Count 12, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## Count 15
*(Distribution of Marijuana)*

THE GRAND JURY FURTHER CHARGES:

15.     That on or about June 16, 2023, in the District of South Carolina, the Defendant, **DEXTER WARDELL LOVETT JR.**, **a/k/a "Guap,"** knowingly, intentionally, and unlawfully did possess with intent to distribute and distribute a quantity of marijuana, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

11

### Count 16
*(Felon in Possession of Ammunition)*

THE GRAND JURY FURTHER CHARGES:

16.     That on or about August 17, 2023, in the District of South Carolina, the Defendant, **SHAUNTE MAURICE LANE**, knowingly possessed ammunition in and affecting interstate commerce, to wit, .223 caliber ammunition, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8), and 924(e).

### Count 17
*(Possession with Intent to Distribute Methamphetamine and Marijuana)*

THE GRAND JURY FURTHER CHARGES:

17.     That on or about September 15, 2023, in the District of South Carolina, the Defendant, **SHAUNTE MAURICE LANE**, knowingly, intentionally, and unlawfully did possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a quantity of marijuana, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D).

<u>Count 18</u>
*(Felon in Possession of Ammunition)*

THE GRAND JURY FURTHER CHARGES:

18.     That on or about September 15, 2023, in the District of South Carolina, the

Defendant, **SHAUNTE MAURICE LANE**, knowingly possessed ammunition in and affecting

interstate commerce, to wit, .223 caliber ammunition, 9mm ammunition, and .40 caliber

ammunition, having been previously convicted of a crime punishable by imprisonment for a term

exceeding one year and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8), and 924(e).

<u>Count 19</u>
*(Distribution of Marijuana)*

THE GRAND JURY FURTHER CHARGES:

19.     That on or about March 16, 2024, in the District of South Carolina, the Defendants,

**DEXTER WARDELL LOVETT JR., a/k/a "Guap," SONYA LATRICE LOVETT, LUKE**

**PBAUL VILAIVANH**, and Don Adrian Hall, knowingly, intentionally, and unlawfully did

possess with intent to distribute and distribute a quantity of marijuana, a Schedule I controlled

substance, and did aid and abet each other in the aforesaid offense;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title

18, United States Code, Section 2.

13

**Money Laundering Counts**

Count 20
*(Conspiracy to Commit Money Laundering)*

THE GRAND JURY FURTHER CHARGES:

20.    That beginning at a time unknown to the grand jury, but beginning at least in or around April 2021, and continuing thereafter, up to and including the date of this Superseding Indictment, in the District of South Carolina, the Defendants, **DEXTER WARDELL LOVETT JR., a/k/a "Guap," SONYA LATRICE LOVETT**, and **DEXTER WARDELL LOVETT SR.**, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the grand jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, a conspiracy to distribute controlled substances in violation of Title 21, United States Code, Sections 841 and 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) to knowingly engage and attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, $14,000, such property having been derived from a specified unlawful activity, that is, a conspiracy to distribute controlled substances in violation of

14

Title 21, United States Code, Sections 841 and 846, all in violation of Title 18, United States Code, Section 1957.

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

21.    The Defendant, **DEXTER WARDELL LOVETT JR., a/k/a "Guap,"** purchased and sold marijuana, a Schedule I controlled substance.

22.    The Defendant, **DEXTER WARDELL LOVETT JR., a/k/a "Guap,"** directed purchasers of the controlled substances to pay the Defendant, **SONYA LATRICE LOVETT**, for the controlled substances.

23.    The Defendant, **DEXTER WARDELL LOVETT JR., a/k/a "Guap,"** would then arrange for the transportation of the controlled substances to a location or person accessible to the buyers.

24.    The Defendants, **DEXTER WARDELL LOVETT JR., a/k/a "Guap,"** and **SONYA LATRICE LOVETT**, would use the proceeds derived from the sale of controlled substances to pay persons, known and unknown to the grand jury, to transport the controlled substances to a location or person accessible to the buyers.

25.    The Defendants, **DEXTER WARDELL LOVETT JR., a/k/a "Guap,"** and **SONYA LATRICE LOVETT**, would also use drug proceeds to pay a South Carolina business owner in exchange for the business owner to provide pay stubs and other employment records to the Defendant, **DEXTER WARDELL LOVETT JR., a/k/a "Guap,"** in an effort to disguise the source or control of the money and falsify the Defendant, **DEXTER WARDELL LOVETT JR., a/k/a "Guap's,"** employment history in a positive manner, which allowed the Defendant,

15

DEXTER WARDELL LOVETT JR., a/k/a "Guap," to make additional purchases using drug proceeds.

26.     The Defendants, **DEXTER WARDELL LOVETT JR., a/k/a "Guap," SONYA LATRICE LOVETT**, and **DEXTER WARDELL LOVETT SR.**, used the funds generated by distributing the controlled substances to (1) to conceal the nature, location, source, ownership, and control of the funds generated in the drug distribution scheme by separating the purchase of the controlled substances from the payment for the controlled substances, (2) to move the illicit funds through a financial institution in an amount greater than $10,000 to purchase a 2021 Audi Q8 with VIN number WA1FVAF18MD018305; and (3) to move the illicit funds through a financial institution in monthly payments for the purchase of a 2023 Chevrolet Corvette with VIN Number 1G1YA2D4XP5125067.

All in violation of Title 18, United States Code, Section 1956(h).

<u>Counts 21–25</u>
*(Money Laundering)*

THE GRAND JURY FURTHER CHARGES:

27.     Paragraphs 20–26 of this Superseding Indictment are incorporated herein by reference.

28.     On or about the dates set forth below, in the District of South Carolina, the Defendants, **DEXTER WARDELL LOVETT JR., a/k/a "Guap," LARRY DARNELL LANE JR., SONYA LATRICE LOVETT**, and **DEXTER WARDELL LOVETT SR.**, as principals, aiders and abettors, and coparticipants in jointly undertaken criminal activity, with the intent to conceal or disguise the nature, location, source, ownership, or control of property known to be the proceeds of a specified unlawful activity, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate commerce as set forth below, each of which

16

involved the proceeds of some form of unlawful activity, to include the knowingly, voluntary, and unlawful distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions was the proceeds of some form of unlawful activity:

| Count | Defendant(s) | Date (on or about) | Nature of Transaction and Code Section(s) |
|---|---|---|---|
| 21 | **DEXTER WARDELL LOVETT JR.,** a/k/a "Guap," and **SONYA LATRICE LOVETT** | April 6, 2021 | $14,000 check made out to Audi of Greenville, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(b), and 2. |
| 22 | **DEXTER WARDELL LOVETT JR.,** a/k/a "Guap," and **SONYA LATRICE LOVETT** | April 6, 2021 | $14,000 check made out to Audi of Greenville, in violation of 18 U.S.C. §§ 1957(a), 1957(b), and 2. |
| 23 | **DEXTER WARDELL LOVETT JR.,** a/k/a "Guap," and **SONYA LATRICE LOVETT** | August 9, 2021 | Payment in the amount of $3,401.80 by **SONYA LATRICE LOVETT** for **DEXTER WARDELL LOVETT JR., a/k/a "Guap's,"** apartment at DECA Camperdown, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(b), and 2. |
| 24 | **DEXTER WARDELL LOVETT JR.,** a/k/a "Guap," and **SONYA LATRICE LOVETT** | June 5, 2023 | Payment to Santander Consumer in the amount of $2,999 by **SONYA LATRICE LOVETT** for **DEXTER WARDELL LOVETT JR., a/k/a "Guap's,"** Hyundai Sonata, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(b), and 2. |

17

| 25 | LARRY DARNELL LANE JR. | June 6, 2022 | Cash deposit in the amount of $1,420 into the Truist bank account for Good Life Trucking, LLC, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(b), and 2. |
| 26 | DEXTER WARDELL LOVETT JR., a/k/a "Guap," SONYA LATRICE LOVETT, and DEXTER WARDELL LOVETT SR. | June 26, 2023 | Cash payment in the amount of $1,200 to Spero Financial for a 2023 Chevrolet Corvette, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(b), and 2. |

### Wire Fraud and Aggravated Identity Theft

### Count 27
*(Conspiracy to Commit Wire Fraud)*

THE GRAND JURY FURTHER CHARGES:

29.    That beginning approximately in or about March 2021 and continuing thereafter, up to and including the date of this Superseding Indictment, in the District of South Carolina and elsewhere, the Defendants, **DEXTER WARDELL LOVETT JR., a/k/a "Guap,"** and **MICHAEL DEVON SMALLS**, did knowingly and willfully combine, conspire, agree, and have a tacit understanding with each other and with others, both known and unknown to the Grand Jury, to devise and execute a scheme and artifice to defraud, and during such period, in the course of executing said scheme and artifice, transmitted and caused to be transmitted wire communications in interstate commerce, to include writings, for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

18

The Scheme and Artifice

30.     The object of the conspiracy was for the Defendant, **DEXTER WARDELL LOVETT JR.**, **a/k/a "Guap,"** and others, both known and unknown to the grand jury, to live a lifestyle beyond their reported means. For example, in the latter months of 2021, the Defendant, **DEXTER WARDELL LOVETT JR., , a/k/a "Guap,"** lived in the DECA Camperdown apartment building located at 320 Falls Street, Greenville, South Carolina, with a monthly rent of $2,990 per month. Meanwhile, in 2021, the Defendant, **DEXTER WARDELL LOVETT JR., , a/k/a "Guap,"** reported an annual income of $13,500 to the Internal Revenue Service. In order to pass the initial credit check required to the live at DECA Camperdown, the Defendants, **DEXTER WARDELL LOVETT JR., a/k/a "Guap,"** and **MICHAEL DEVON SMALLS,** filed fraudulent paperwork using another person's identity without that person's consent.

31.     The manner and means by which the Defendants, **DEXTER WARDELL LOVETT JR., a/k/a "Guap,"** and **MICHAEL DEVON SMALLS,** sought to accomplish the object of the conspiracy include the following:

   a.  the scheme participants obtained the personal identifying information (PII) of another person, C.J., without that person's knowledge or consent;

   b.  the scheme participants submitted a false and fraudulent apartment application using electronic means to RealPage.com, a third-party property management company, using C.J.'s name, address, date of birth, and Social Security number;

   c.  the scheme participants caused multiple wires to be submitted in furtherance of their fraudulent scheme, including the wires outlined in Counts 28–31 below;

All in violation of Title 18, United States Code, Section 1349.

19

Counts 28–31
*(Wire Fraud)*

THE GRAND JURY FURTHER CHARGES:

32.     Paragraphs 29–31 of this Superseding Indictment are incorporated herein by reference.

33.     That on or about the dates specified below in the District of South Carolina and elsewhere, the Defendants, **DEXTER WARDELL LOVETT JR.,** a/k/a "Guap," and **MICHAEL DEVON SMALLS,** as principals, aiders and abettors, and coparticipants in jointly undertaken criminal activity, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above relating to the fraudulent application for residence in an upscale apartment complex, did transmit and cause to be transmitted in interstate commerce, by means of wire communications, the writings, signs, and signals further described below, each transmission constituting a separate count:

| Count | Defendant(s) | Date of Wire (on or about) | Description of Wire |
|---|---|---|---|
| 28 | **DEXTER WARDELL LOVETT JR.,** a/k/a "Guap," and **MICHAEL DEVON SMALLS** | June 3, 2021 | Application for residency at DECA Camperdown submitted online using stolen identity of C.J. |
| 29 | **MICHAEL DEVON SMALLS** | June 7, 2021 | Email sent from **MICHAEL DEVON SMALLS** to **DEXTER WARDELL LOVETT JR.,** a/k/a "Guap," with DocuSign documents for the DECA Camperdown apartment using C.J.'s name, date of birth, address, and social security number |

20

| 30 | **DEXTER WARDELL LOVETT JR., a/k/a "Guap,"** and **MICHAEL DEVON SMALLS** | June 21, 2021 | eRenterPlan insurance documents related to the DECA Camperdown apartment submitted in C.J.'s name using the email address of **MICHAEL DEVON SMALLS** and the phone number for **DEXTER WARDELL LOVETT JR., a/k/a "Guap"** |
| 31 | **DEXTER WARDELL LOVETT JR., a/k/a "Guap,"** | August 26, 2022 | **DEXTER WARDELL LOVETT JR., a/k/a "Guap,"** sent an email containing a false paystub for employment with Express Catering, LLC, to support his application for credit to purchase a Hyundai Sonata from Benson Hyundai |

All in violation of Title 18, United States Code, Sections 1343 and 2.

### Counts 32–34
### *(Aggravated identity theft)*

THE GRAND JURY FURTHER CHARGES:

34.     Paragraphs 29–33 of this Superseding Indictment are incorporated herein by reference.

35.     That on or about the dates specified below in the District of South Carolina and elsewhere, the Defendants, **DEXTER WARDELL LOVETT JR., a/k/a "Guap,"** and **MICHAEL DEVON SMALLS,** as principals, aiders and abettors, and coparticipants in jointly undertaken criminal activity, knowingly did possess and use, without lawful authority, a means of identification of another person, as detailed below, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c)(4), that is, conspiracy to commit wire fraud, a violation of Title 18, United States Code, Section 1349, and wire fraud, a violation of Title 18, United States Code, Section 1343.

21

| Count | Defendant(s) | Date of Wire (on or about) | Means of Identification |
|---|---|---|---|
| 32 | **DEXTER WARDELL LOVETT JR.,** a/k/a "Guap," and **MICHAEL DEVON SMALLS** | June 3, 2021 | Application for residency at DECA Camperdown submitted online using C.J.'s name, date of birth, address, and social security number |
| 33 | **DEXTER WARDELL LOVETT JR.,** a/k/a "Guap," and **MICHAEL DEVON SMALLS** | June 7, 2021 | Email sent from **MICHAEL DEVON SMALLS** to **DEXTER WARDELL LOVETT JR.,** a/k/a "Guap," with DocuSign documents for the DECA Camperdown apartment using C.J.'s name, date of birth, address, and social security number |
| 34 | **DEXTER WARDELL LOVETT JR.,** a/k/a "Guap," and **MICHAEL DEVON SMALLS** | June 21, 2021 | eRenterPlan insurance documents related to the DECA Camperdown apartment submitted using C.J.'s name |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

### Additional Firearm Counts

#### Count 35
*(Felon in Possession of a Firearm and Ammunition)*

THE GRAND JURY FURTHER CHARGES:

36.     That on or about April 18, 2024, in the District of South Carolina, the Defendant, **LADARIUS DURWAND FRANKS, a/k/a "Red,"** knowingly possessed a firearm and ammunition in and affecting interstate commerce, to wit, a Diamondback .380 caliber pistol and .380 caliber ammunition, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8), and 924(e).

#### Count 36
*(Felon in Possession of Firearms and Ammunition)*

THE GRAND JURY FURTHER CHARGES:

37.     That on or about April 18, 2024, in the District of South Carolina, the Defendant, **DEXTER WARDELL LOVETT SR.,** knowingly possessed firearms and ammunition in and affecting interstate commerce, to wit, a Glock 23 .40 caliber pistol, a SCCY, model CPX-2, 9mm pistol, .40 caliber ammunition, and 9mm ammunition, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8), and 924(e).

## FORFEITURE

FIREARM/DRUG OFFENSES:

Upon conviction for felony violations of Title 18 and Title 21, United States Code, as charged in this Superseding Indictment, the Defendants, **DEXTER WARDELL LOVETT JR.,** **a/k/a "Guap," LARRY DARNELL LANE JR., LADARIUS DURWAND FRANKS, a/k/a** **"Red," ANGIE THACH, SONYA LATRICE LOVETT, DOUGLAS BASHONE MOORE** **JR., JOSHUA SHAMAR JETER, LUKE PBAUL VILAIVANH, SHAUNTE MAURICE** **LANE, BONITA LASHUNA BRUCE, and DEXTER WARDELL LOVETT SR.,** shall forfeit to the United States all of the Defendants' rights, title, and interest in and to any property, real and personal,

    (a)   constituting, or derived from any proceeds the Defendant obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

    (b)   used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code;

    (c)   any firearms and ammunition (as defined in 18 U.S.C. § 921) –

        (1)   used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable to such property;

        (2)   involved in or used in any knowing violation of 18 U.S.C. § 922 or 924, or violation of any other criminal law of the United States or intended to be used in a crime of violence.

MONEY LAUNDERING:

Upon conviction for violations of Title 18, United States Code, Sections 1956 and 1957 as charged in this Superseding Indictment, the Defendants, **DEXTER WARDELL LOVETT JR.,** **a/k/a "Guap," LARRY DARNELL LANE JR., SONYA LATRICE LOVETT,** and **DEXTER** **WARDELL LOVETT SR.,** shall forfeit to the United States any property, real or personal,

24

involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, as charged in the Superseding Indictment, or any property traceable to the offenses.

WIRE FRAUD/CONSPIRACY:

Upon conviction for violations of Title 18, United States Code, Sections 1343 and 1349 as charged in this Superseding Indictment, the Defendants, **DEXTER WARDELL LOVETT JR.**, **a/k/a "Guap,"** and **MICHAEL DEVON SMALLS**, shall forfeit to the United States, any property, real or personal, constituting, derived from or traceable to proceeds the Defendants obtained directly or indirectly as a result of such offenses.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 924(d)(1), 981(a)(1)(C), 982(a)(1) and 982(a)(2)(A), and Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendants for the offenses charged in this Superseding Indictment includes, but is not limited to, the following:

A.     Money Laundering/Forfeiture Judgment:

    A sum of money equal to all property involved in the money laundering offenses charged in the Superseding Indictment, and all interest and proceeds traceable thereto as a result of their violations of 18 U.S.C. §§ 1956 and 1957.

B.     Drug Proceeds/Forfeiture Judgment:

    A sum of money equal to all property the Defendants obtained as a result of the drug offenses charged in the Superseding Indictment, and all interest and proceeds traceable thereto as a result of their violations of 21 U.S.C. §§ 841 and 846.

25

C.    Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendants obtained directly or indirectly as the result of the wire fraud offenses charged in the Superseding Indictment, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to their violations of 18 U.S.C. §§ 1343 and 1349.

D.    Firearms:

(1)    Taurus .357 caliber revolver
Serial Number: 99017
Seized from: Larry Darnell Lane Jr.

(2)    American Derringer Corporation .357 caliber pistol
Serial Number: LP68265
Seized from: Larry Darnell Lane Jr.

(3)    American Tactical Import 5.56mm AR-style pistol
Serial Number: NS288916
Seized from: Larry Darnell Lane Jr.

(4)    Ruger, model 57, 5.7x28mm pistol
Serial Number: 642-28392
Seized from: Larry Darnell Lane Jr.

(5)    Springfield, model XD, .45 caliber pistol
Serial Number: S3163151
Seized from: Larry Darnell Lane Jr.

(6)    Black and Brown Armi handgun, Model GT26, .25 caliber
Serial Number: S02046
Seized from: Larry Darnell Lane Jr.

(7)    Glock 23 Gen 5 .40 caliber pistol
Serial Number: BSRK063
Seized from: Dexter Wardell Lovett Jr.

(8)    Glock 43 9mm pistol
Serial Number: ZZB429
Seized from: Ladarius Durwand Franks

(9)    Glock 23 Gen5 .40 caliber handgun with magazine
Serial Number: BVA5308
Seized from 242 Pierpont Avenue, Spartanburg, SC
Asset ID: 24-FBI-004668

26

(10)    SCCY CPX-2 9mm handgun with magazine
Serial Number: 195583
Seized from 242 Pierpont Avenue, Spartanburg, SC
Asset ID: 24-FBI-004668

(11)    Diamondback .380 caliber handgun with magazine
Serial Number: ZL4548
Seized from: Ladarius Franks
Asset ID: 24-FBI-004668

E.    <u>Ammunition</u>:

(1)    Miscellaneous rounds of . 357 caliber ammunition
Seized from: Larry Darnell Lane Jr.

(2)    Miscellaneous rounds of 5.56mm ammunition
Seized from: Larry Darnell Lane Jr.

(3)    Miscellaneous rounds of 9mm ammunition
Seized from: Dexter Wardell Lovett Jr.

(4)    Miscellaneous rounds of 9mm ammunition
Seized from: Seized from: Ladarius Durwand Franks

(5)    Miscellaneous rounds of 5.7x28mm ammunition
Seized from: Larry Darnell Lane Jr.

(6)    Miscellaneous rounds of .45 caliber ammunition
Seized from: Larry Darnell Lane Jr.

(7)    Miscellaneous rounds of .223 caliber ammunition
Seized from: Shaunte Maurice Lane

(8)    Miscellaneous rounds of 9mm ammunition
Seized from: Shaunte Maurice Lane

(9)    Miscellaneous rounds of .40 caliber ammunition
Seized from: Shaunte Maurice Lane

(10)    Miscellaneous rounds of .40 caliber ammunition
Seized from 242 Pierpont Avenue, Spartanburg, SC
Asset ID: 24-FBI-004668

(11)   Miscellaneous rounds of 9mm ammunition
Seized from 242 Pierpont Avenue, Spartanburg, SC
Asset ID: 24-FBI-004668

(12)   Miscellaneous rounds of .380 caliber ammunition
Seized from: Ladarius Franks
Asset ID: 24-FBI-004668

F.   Vehicle:

2021 Chevrolet Tahoe
VIN: 1GNSKNKD6MR359278
Titled in the name of: Sonya Latrice Lovett
Asset ID: 24-FBI-003736

G.   Real Property:

(1)   242 Pierpont Avenue
Spartanburg, South Carolina 29303
Tax Map Number: 7-08-13-115.00
Titled in the name of: Sonya L. Lovett
Asset ID: 24-FBI-004672

(2)   2 Crofton Drive
Greenville, South Carolina 29605
Parcel Number: 593.5-01-093
Titled in the name of: Larry D. Lane
Asset ID: 24-FBI-004671

H.   Jewelry:

(1)   10KT White gold diamond Jesus pendant and chain, 18.5" long, One (1)
Seized from Dexter Lovett on 4/18/24
Asset ID: 24-FBI-004602

(2)   10KT White gold skull pendant and chain, 18.5" long, One (1)
Seized from Dexter Lovett on 4/18/24
Asset ID: 24-FBI-004602

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of a Defendant:

(1)    Cannot be located upon the exercise of due diligence;
(2)    Has been transferred or sold to, or deposited with a third party;
(3)    Has been placed beyond the jurisdiction of the Court;
(4)    Has been substantially diminished in value; or
(5)    Has been commingled with other property which cannot be subdivided without difficulty.

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), (incorporating Title 21, United States Code, Section 853(p)), to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property.

Pursuant to Title 18, United States Code, Sections 924(d)(1), 981(a)(1)(C), 982(a)(1) and 982(a)(2)(A), and Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c)

A __True__ BILL

FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: _____
Justin W. Holloway (Fed. ID # 11684)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
Tel.:    864-268-2100
Email: justin.holloway@usdoj.gov

29